# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SAMIRA ZUNIGA,<br><br>    Defendant. | Case No. 11-MJ-138<br><br>ORDER FOR PRETRIAL<br>DETENTION |

On the 23rd day of June, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Richard L. Murphy. The Defendant appeared personally and was represented by her attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 21, 2011, Defendant Samira Zuniga was charged by Criminal Complaint (docket number 2) with harboring, transporting, and encouraging illegal aliens to come to or reside in the United States, and employing illegal aliens. At the initial appearance on June 21, 2011, the Government requested Defendant be detained pending trial. A detention hearing was scheduled on June 23, 2011.

At the hearing, Special Agent Karsten Anderson of the Department of Homeland Security, testified regarding the circumstances underlying the instant charge. On April 27, 2011, nine employees of Xtreme Construction, a roofing business, were arrested for unlawfully being in the United States. Evidence shows that Defendant was an owner of Xtreme Construction.

1

Back records show that on April 29, 2011, two days after the nine employees were arrested, Defendant withdrew $5,300 from the bank account. Special Agent Anderson testified that only a small amount of cash was left in the account. After that time, Defendant, her husband, and their two children traveled to Mexico, where her husband's parents live. Defendant's husband and two children are still in Mexico. Defendant returned to the United States on June 18, 2011, accompanied by her mother-in-law, father-in-law, and a friend of Defendant's father-in-law.

Following the arrest of the nine employees, Homeland Security agents attempted to locate Defendant at her residence, a trailer court in Iowa City, Iowa. Upon the initial check of the residence, Special Agent Anderson testified that the trailer was dark and looked empty. A blue Ford van and children's bikes were located outside the residence. Agents continued to periodically check Defendant's residence following the initial attempt to locate Defendant. Agents observed no change in the residence until June 20, 2011. On that date, agents observed a light on in the trailer, and noticed that items outside the residence had been moved. A check of the DHS database revealed Defendant had crossed back into the United States on June 18, 2011. Early in the morning on June 21, 2011, a search warrant was executed on Defendant's trailer. Agents found a van and a black enclosed cargo trailer. The contents of Defendant's residence were being moved into the cargo trailer, including appliances, furniture, clothing, and other household items. According to Special Agent Anderson, it appeared the contents of the mobile home were being removed.

Agents spoke with Defendant's landlord at the trailer court. The landlord told agents that Defendant's trailer was for sale. The landlord also stated that Defendant told him that she was going back to Mexico to care for her "father."[1] Later, Defendant was

---

[1] Special Agent Anderson testified that he believed the landlord was mistaken regarding taking care of her father, and instead, Defendant told the landlord that she was going back to Mexico to take care of her father-in-law.

found at a friend's house. Agents interviewed Defendant's friend and were informed that Defendant was only going to be in the area for a short time.

According to the pretrial services report, Defendant is 33 years old. She was born in Guatemala, and became a naturalized United States citizen in 2007. Her parents, two sisters, and one brother reside in California. She resided in California until 2006, when she moved to Iowa City. Defendant is married to Antonio Zuniga. They have two children. Both her husband and two children currently reside in Guanajuato, Mexico, with her husband's parents.[2] Special Agent Anderson testified that Antonio Zuniga was living in the United States illegally.

Defendant has been unemployed since February 2010. Prior to becoming unemployed, Defendant worked for approximately three years at Proctor & Gamble in Iowa City, through a temporary staffing agency. Additionally, Defendant told the pretrial services officer that from 2008 to 2011 she operated a roofing company called Xtreme Construction. She stated that the company has been inactive for the past two months, with no plans to resume operations. Defendant did not report any physical or mental health problems, and denies the use of controlled substances or abuse of alcohol.

Defendant has a limited criminal history. On January 4, 2007, Defendant was charged and later convicted of fifth degree theft. On December 1, 2007, Defendant was charged and later convicted of fourth degree fraudulent practice.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

---

[2] Defendant told the pretrial services officer that she recently took her children to Mexico to spend the summer with their grandparents.

3

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with harboring, transporting, and encouraging illegal aliens to come to or reside in the United States, and employing illegal aliens. These charges do not trigger pretrial detention under section 3142(f)(1). However, the Government alleges Defendant is a serious risk of flight, thereby authorizing detention pursuant to § 3142(f)(2)(A).

Regarding the second step, the weight of the evidence against Defendant is fairly strong. It is undisputed that on April 27, 2011, nine illegal aliens employed by Xtreme Construction were arrested for unlawfully being in the United States. There is evidence that Defendant was closely connected to the operation of Xtreme Construction. Special Agent Anderson testified that Defendant admitted regularly driving employees to work sites, and one employee told agents that he traveled to Iowa with Defendant.

The Court finds it particularly significant that on April 29, 2011, two days after the nine employees were arrested, Defendant withdrew $5,300 from a bank account, and later traveled to Mexico with her husband and two children. While Defendant's immediate

5

family stayed in Mexico, she returned to Iowa City on June 18, and immediately began loading the contents of her residence into a cargo trailer to be taken back to Mexico. Anderson testified that it appeared Defendant was moving out of her residence. Agents interviewed Defendant's landlord and he stated that Defendant's residence was for sale and she intended to move to Mexico to take care of her father-in-law. Defendant's friend also told agents that Defendant had returned to Iowa for a short period of time, and planned to return to Mexico.

Additionally, Defendant has no ties to the community. All of her family currently resides in either Mexico or California. Furthermore, Defendant is unemployed and has no intention to restart her roofing business. Based on all the facts and circumstances, the Court finds that there is no condition or combination of conditions which would assure Defendant's appearance at future court proceedings. Therefore, the Court determines that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds that there is probable cause that Defendant committed the offenses charged in the Complaint (docket number 2).

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 23rd day of June, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA